**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
J.G. and J.G. on behalf of J.G.,

|  |  |
|---|---|
| Plaintiffs, | AFFIRMATION<br>IN SUPPORT OF |
| -against- | MOTION TO DISMISS |
|  | Index No. 07 cv. 7245<br>Judge Karas |

BOARD OF EDUCATION OF THE
BRIARCLIFF MANOR UNION FREE
SCHOOL DISTRICT,

                           Defendant.
-----------------------------------------------------------X

       Leah L. Murphy, Esq., being licensed to practice law in the State of New York

affirms as follows:

       1.  I am a member in the law firm of Kuntz, Spagnuolo & Murphy, P.C., and an

attorney for the Briarcliff Manor Central School District ("District").  I am fully familiar

with the facts and circumstances of this matter and submit this affirmation in support of

the District's motion to dismiss the complaint pursuant to Rule 12 (b)(4) (5) and (6) of

the Federal Rules of Civil Procedure ("F.R.C.P.") on the ground that the complaint was

not timely served and the time to obtain personal jurisdiction over the defendant has

expired.

       2.  Plaintiffs have attempted to commence this action to appeal a determination by

the New York State Education Department Office of State Review ("SRO") pursuant to

the Individuals with Disability Education Improvement Act, 20 U.S.C.A. § 1400 et seq.

Plaintiffs filed the Complaint in the United States District Court, Southern District of

New York on August 14, 2007.

3. This action concerns the appropriateness of the special education program for plaintiffs' daughter, J.G., for the 2005/06 school year.

4. The District's program and placement recommendations were deemed appropriate by both the Impartial Hearing Officer ("IHO") and SRO. The SRO decision dismissing Plaintiffs' appeal was issued on April 16, 2007 and received by the District on April 17, 2007.

5. Pursuant to the IDEIA, plaintiffs have ninety days in which to initiate an appeal of the State Review Officer's decision unless the state has an explicit time limitation for bringing civil actions under the Act. 20 U.S.C. 1415 (i)(2) and (3)(A). Sec. 300.516 Regulations.

6. New York State Law provides that the written decision of the SRO is final and that either party may seek judicial review by means of a proceeding pursuant to Article 78 of the Civil Practice Laws and Rules or 20 U.S.C. Section 1415. 8 N.Y.C.R.R. § 200.6 (k).

7. The time limitation for commencing an appeal in federal court in New York State is modeled after that under an Article 78 special proceeding. An action initiated pursuant to Article 78 of the Civil Practice Laws and Rules must be commenced by filing of the petition and/or complaint within four months of receipt of the decision being appealed.

8. The statute of limitations for initiating a civil action in this matter would have expired four months after the receipt of the SRO decision on April 17, 2007 -- on August 17, 2007.

9. While this action was filed on August 14, 2007, the complaint was not timely served upon the District. The time in which to properly serve the appeal upon the District has expired and the complaint should be dismissed.

10. Pursuant to § 306-b of the Civil Practice Laws and Rules the following timelines apply to service of process of special proceedings such as the action herein:

306-b Service of Summons and complaint, summons with notice, or of the third-party summons and complaint

*Service of the summons and complaint, summons with notice, or of the third-party summons and complaint shall be made within one hundred twenty days after their filing, provided that in an action or proceeding, except a proceeding commenced under the election law, where the applicable statute of limitations is four months or less, service shall be made not later than fifteen days after the date on which the applicable statute of limitations expires. If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service.*

11. Pursuant to the limitation on service of process found in New York Law, proper service of the complaint should have been effected by August 31, 2007.

12. Plaintiff may argue that failure to properly serve the complaint is of no consequence. Additional time to serve process for good cause or in the interest of justice can not be availed where, as here, the plaintiffs blatantly attempted to conceal a fraudulent service.

13. The plaintiff purports to have served the complaint upon the District on August 24, 2007. (See Affidavit of Service attached hereto as Exhibit "A").

14. The process server, Mr. Stanley P. Tomasetti, under oath, states that he "served a true copy of the summons and complaint and judges rules upon the Board of Education of the Briarcliff Manor Union Free School District . . . by delivering to, and leaving personally with 'Jane Smith', clerk authorized to accept who refused true name."

15. The time Mr. Tomasetti claims to have personally served Ms. Smith is 1:06 p.m.

16. Affiant Tomasetti, describes "Ms. Smith" as being a white female approximately 33 years of age, approximate height of 5'6" and approximate weight of 130 pounds. Other identifying features includes "glasses."

17. Mr. Tomasetti is lying and plaintiffs are attempting to conceal the improper and insufficient service. There is no Ms. Smith. The District clerk is Ms. Juanita Brockett. She is not white and she is not blonde.

18. On Friday, August 24, 2007, at 1:07 p.m., the District's security camera located in the lobby of the Todd Elementary School captures a gentleman shoving a manilla envelope in between the door handle and door of the office of the Principal of the Todd Elementary School. (See Copy of Security Tape, attached hereto as Exhibit "B").

19. On Monday morning, August 27, 2007, a custodian found the complaint wedged between the door handle and door of the office of the Principal of the Todd Elementary School. (See Affidavit of Lois Olivieri, sworn to on September 11, 2007, hereinafter referred to as "Olivieri Aff." at ¶ 3)

20. After it was given to Ms. Olivieri, she placed the complaint on the desk of Karen Gisondi, secretary to the Principal of the Todd School, who brought the papers to the Superintendent's office. (See Affidavit of Karen Gisondi, sworn to on September 11, 2007, hereinafter referred to as "Gisondi Aff." at ¶¶ 2, 3)

21. The security camera shows the gentleman placing an envelope in the door handle at 1:07 p.m. The security tape reveals the absence of any persons in the lobby of the Todd School other than the gentleman leaving the papers.

22. By filing a false affidavit of service with the Federal Court, plaintiff attempts to conceal the insufficient service.

23. The time to serve the complaint, pursuant to Section 306-b has expired. The statute of limitations has expired. The action must be dismissed in its entirety.

24. An extension of time to properly serve the complaint must be denied given the attempt by plaintiff to conceal the insufficient service.

25. Plaintiffs' attorney is no stranger to initiating appeals against school districts, including the defendant herein. Upon review of the affidavit of service, plaintiffs' attorney should have questioned the lack of an identity of the district clerk who purportedly refused to give her name. The process server should have been questioned over why a "clerk" who sits in the District office at a desk with a name plate, remained anonymous. Instead, plaintiffs filed the false affidavit with this court.

26. Plaintiffs will be unable to demonstrate that they exercised reasonable diligence in attempting to effect proper service upon the District which would warrant granting of an extension of time to serve summons and complaint.

27. Mere law office failure, mistake or inadvertence do not satisfy the good cause standard which would justify an extension of the fifteen day time limitation in which plaintiff had to properly serve the complaint.

28. The foregoing is duly affirmed under the penalties for perjury.

Dated: Bedford Village, New York
         September 13, 2007

                                        Leah L. Murphy (LLM/8934)