# EXHIBIT B

**DVD OF SURVEILLANCE VIDEO DATED August 24, 2007**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
J.G. and J.G. on behalf of J.G.,

                       Plaintiffs,

        -against-

BOARD OF EDUCATION OF THE
BRIARCLIFF MANOR UNION FREE
SCHOOL DISTRICT,

                      District.
------------------------------------------------------------X

MEMORANDUM OF
LAW IN SUPPORT OF
MOTION TO DISMISS

Index No. 07 cv. 7245
Judge Karas

## <u>TABLE OF CONTENTS</u>

**PRELIMINARY STATEMENT**...................................................Page 4


**STATEMENT OF FACTS**........................................................ Page 4


**ARGUMENT**..............................................................................Page 5

2

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of a motion to dismiss pursuant to Rules 4 and 12(b) (4), (5), and (6) of the Federal Rules of Civil Procedure for insufficient process upon defendant Briarcliff Manor Central School District ("District") and expiration of the statute of limitations in which to commence the action. Plaintiffs have attempted to commence this action to appeal a decision, dated April 16, 2007, of the New York State Education Department State Review Officer ("SRO") pursuant to the Individuals with Disability Education Improvement Act, 20 U.S.C.A. § 1400 et seq. Plaintiffs filed the complaint in the United States District Court, Southern District of New York on August 14, 2007. Plaintiffs failed to properly serve the complaint upon the District and then attempted to conceal the fraudulent service. The time in which to properly serve the appeal upon the District has expired, the statute of limitations has expired and the complaint should be dismissed.

## STATEMENT OF FACTS

This action concerns the appropriateness of the special education program for Plaintiffs' daughter, J.G., for the 2005/06 school year. It is not a meritorious claim. The District's program and placement recommendations were deemed appropriate by both the Impartial Hearing Officer ("IHO") and SRO. The SRO decision dismissing Plaintiffs' appeal was issued on April 16, 2007 and received by the District on April 17, 2007. (See Affirmation of Leah L. Murphy, Esq., sworn to September 13, 2007, hereinafter referred to as "Murphy Aff." at ¶ 4). The complaint was filed on August 14, 2007.

The Plaintiffs purport to have served the complaint upon the District on Friday, August 24, 2007. (Murphy Aff. at ¶ 13). The process server, Mr. Stanley P. Tomasetti,

3

under oath, states that he "served a true copy of the summons and complaint and judges rules upon the Board of Education of the Briarcliff Manor Union Free School District . . . by delivering to, and leaving personally with 'Jane Smith', clerk authorized to accept who refused true name." (Murphy Aff. at ¶ 13)

The time Mr. Tomasetti claims to have personally served Ms. Smith is 1:06 p.m. (Murphy Aff. at ¶ 13) Affiant Tomasetti, describes "Ms. Smith" as being a white female, approximately 33 years of age, approximate height of 5'6" and approximate weight of 130 pounds. Other identifying features include "glasses." (Murphy Aff. at ¶ 13)

There is no Ms. Smith. The District clerk is Ms. Juanita Brockett. She is not white and she is not blonde. (Murphy Aff. at ¶ 17) On August 24, 2007, at 1:07 p.m., the District's security camera, located in the lobby of the Todd Elementary School (a District school), captures a gentleman shoving a manilla envelope in between the door handle and door of the office of the Principal of the Todd Elementary School. (Murphy Aff. at ¶ 18). The security tape reveals the absence of any persons in the lobby of the Todd School other than the gentleman leaving the papers. (Murphy Aff. at ¶ 21)

On the morning of Monday, August 27, 2007, the complaint was found wedged between the door handle and door of the office of the principal of the Todd Elementary School by custodian Angelo Zavaglia. (See Affidavit of Lois Olivieri, sworn to on September 11, 2007, hereinafter referred to as "Olivieri Aff.," at ¶ 3)

Having received the complaint from Mr. Zavaglia, Ms. Olivieri then placed the complaint on the desk of Karen Gisondi, secretary to the Principal of the Todd School, who brought the papers to the Superintendent's office. (See Affidavit of Karen Gisondi, sworn to on September 11, 2007, hereinafter referred to as "Gisondi Aff." at ¶¶ 2, 3)

4

The security camera shows the gentleman placing an envelope in the door handle at 1:07 p.m.  The security tape reveals the absence of any persons in the lobby of the Todd School other than the gentleman leaving the papers.  (Murphy Aff. at ¶21)  No attempt to properly serve the complaint has since been made.

## ARGUMENT

The Plaintiffs can prove no set of facts which would entitle them to relief and the action should be dismissed pursuant to Rules 4 and 12(b)(4), (5) and (6) of the Federal Rules of Civil Procedure.  The complaint was improperly served, the time in which to serve the complaint has expired and the statute of limitations has run.

Pursuant to the IDEIA, Plaintiffs have ninety days in which to initiate an appeal of the State Review Officer's decision unless the state has an explicit time limitation for bringing civil actions under the Act. 20 U.S.C. 1415 (i)(2) and (3)(A).  New York State Law provides that the written decision of the SRO is final, provided that either party may seek judicial review by means of a proceeding pursuant to Article 78 of the Civil Practice Laws and Rules or 20 U.S.C. Section 1415. 8 N.Y.C.R.R. § 200.6 (k).

It is well settled that the time limitation for commencing a federal court appeal pursuant to the IDEIA in New York State is four months from the date of receipt of the SRO decision.  The Second Circuit, borrowing from the New York Civil Practice Laws and Rules, has held that aggrieved parents have four months to bring an action pursuant to 20 U.S.C. § 1415.  Adler v. New York State Education Department, 760 F.2d 454, 456-57 (2d Cir. 1985).

An action initiated pursuant to Article 78 of the Civil Practice Laws and Rules must be commenced by filing of the petition and/or complaint within four months of

5

receipt of the decision being appealed. The statute of limitations for initiating a civil action in this matter would have expired four months after the receipt by the District of the SRO decision on April 17, 2007, or more particularly - August 17, 2007. The instant action was filed on August 14, 2007.

Given the origin of the four month period of time to initiate an appeal under the IDEIA from the provisions and limitations found under an Article 78 special proceeding, the Court should similarly adopt the rules of service from that statute governing the time period in which a special proceeding can be commenced. Pursuant to § 306-b of the Civil Practice Laws and Rules (modeled after F.R.C.P. Rule 4) the following timelines apply to service of process of special proceedings such as the action herein:

> 306-b Service of Summons and complaint, summons with notice, or of the third-party summons and complaint
>
> *Service of the summons and complaint, summons with notice, or of the third-party summons and complaint shall be made within one hundred twenty days after their filing, provided that in an action or proceeding, except a proceeding commenced under the election law, where the applicable statute of limitations is four months or less, service shall be made not later than fifteen days after the date on which the applicable statute of limitations expires. If service is not made upon a District within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that District, or upon good cause shown or in the interest of justice, extend the time for service.*

N.Y. Civ. Prac. L. & R. § 306-b (McKinneys 2001) Section 306-b is an integral part of the commencement by filing system applicable to this action. The summons and complaint should have been served upon the District no later than August 31, 2007.

The Court should not separate the rules of service from the statute governing the time period in which to commence the action. Pursuant to the limitation on service of process found in New York Law, proper service of the complaint should have been

6

effected by August 31, 2007. Indeed, Plaintiffs knowing of the limitation, made a feeble

attempt to comply on Friday, August 24, 2007.

The evidence is clear that Plaintiffs' process server failed to effect proper service

of process upon the District. Despite his sworn statement otherwise, at 1:07 p.m. on

August 24, 2007, someone, most likely Mr. Tomasetti, shoved the complaint into the

door handle of the Todd Elementary school office and then falsely claimed to have served

it upon a "clerk" who refused to identify herself. Plaintiffs' attorney, having commenced

many actions against school districts, should have seen that something was awry. District

clerks typically sit at desks, have name plates and as school officers, often accept service

for the Board of Education. Why then, would this phantom woman refuse to identify

herself? Rather than make that simple inquiry, the Plaintiffs filed a false affidavit of

service. By filing a false affidavit of service with this Court, Plaintiffs blatantly attempt

to conceal the obvious insufficient service.

Rule 4 (j) of the Federal Rules of Civil Procedure provides that "service upon a

state, municipal corporation, or other governmental organization subject to suit shall be

effected by delivering a copy of the summons and of the complaint to its chief executive

officer or by serving the summons and complaint in the manner prescribed by the law of

the state for the service of summons or other like process upon any such District." Fed.

R.Civ.P. 4(j)(2). The New York Education Law provides that the superintendent of

schools is the chief executive officer of the school district. N.Y. Educ. Law § 2508(1).

The New York Civil Practice Laws and Rules state that a "school officer" may also

receive service of process. N.Y. Civ. Prac. L.& R. § 311(7). The New York Education

Law defines "school officer" as a clerk, collector, or treasurer of any school district; a

7

trustee; a member of the board of education or other body in control of the schools by whatever name known in a . . . central school district; a superintendent of schools; a district superintendent; a supervisor or attendance or attendance officer; or other elective or appointive officer in a school district whose duties generally relate to the administration of affairs connected with the public school system." N.Y. Educ. Law § 2(13).

Having demonstrated that the service of process was insufficient, there are two questions for this Court to determine: first, whether the time to serve the summons and complaint has expired and second: if it has, can Plaintiffs demonstrate good cause to extend the time to serve the complaint.

Federal Rule of Civil Procedure 4(m) requires dismissal without prejudice if service of the summons and complaint is not made within 120 days after filing. Under New York law, the time to serve the complaint, where, as here, the statute of limitations is four months or less, is not later than fifteen days after the applicable statute of limitations has expired. Service of a petition and notice of petition commencing a special proceeding, must be effected and proof thereof filed within 15 days of the expiration of the limitations period. Matter of State Farm Mut. Auto. Ins. Co. 250 A.D. 2d 896, 674 N.Y.S.2d 141 (3rd Dept. 1998)

Because Rule 4 generally links the jurisdiction of a federal district court to the corresponding jurisdiction of the courts of the state, any limitations on the power of the state courts to exercise personal jurisdiction generally apply as well to the federal district court. The rules regarding service of the summons and complaint under Section 306-b should control. The four month statute of limitations expired on August 17, 2007 and

8

service of process should have been accomplished by August 31, 2007.  Plaintiffs failed to serve the summons and complaint by August 31, 2007 requiring dismissal.

If the service is not made within the prescribed period, the action is subject to dismissal upon motion of the District.  Although a dismissal in these circumstances is without prejudice, commencement of a new action is impossible as a practical matter since the statute of limitations has expired.

Under both federal and state provisions concerning service, the Court may in its discretion, extend the time for service.  Factors typically considered for extending the time to serve the summons and complaint are not present here and such benefit should be denied.  Plaintiffs demonstrate no diligence in its attempts to serve the District.  An extension of time to properly serve the complaint must be denied given the attempt by Plaintiffs to conceal the insufficient service.  Plaintiffs improper conduct and lack of diligence negates any good cause for the delay.  The statute of limitations to commence the action has expired and the complaint should be dismissed in its entirety.

## CONCLUSION

For all the foregoing reasons, the Districts' motion to dismiss the complaint should be granted.

Dated: Bedford Village, New York
    September 13, 2007

Yours, etc.

KUNTZ, SPAGNUOLO & MURPHY, P.C.
Attorneys for District
444 Old Post Road
Bedford Village, New York 10506
(914) 234-6363

Leah L. Murphy (LLM/8934)

9