UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
J.G. and J.G. on behalf of J.G.,

                        Plaintiffs,                REPLY AFFIRMATION
                                                    IN SUPPORT OF
              -against-                         MOTION TO DISMISS

                                                      Index No. 07 cv. 7245
                                                      Judge Karas

BOARD OF EDUCATION OF THE
BRIARCLIFF MANOR UNION FREE
SCHOOL DISTRICT,

                        Defendant.
-----------------------------------------------------------X

        Leah L. Murphy, Esq., being licensed to practice law in the State of New York affirms as follows:

        1. I am a member in the law firm of Kuntz, Spagnuolo & Murphy, P.C., and an attorney for the Briarcliff Manor Central School District ("District"). I am fully familiar with the facts and circumstances of this matter and submit this reply affirmation in support of the District's motion to dismiss the complaint pursuant to Rule 12 (b)(4) (5) and (6) of the Federal Rules of Civil Procedure ("F.R.C.P.") on the ground that the complaint was not timely served and the time to obtain personal jurisdiction over the defendant has now expired.

        2. Plaintiff's attorney mischaracterizes the motion to dismiss and the law upon which Defendants are relying to support the motion. Plaintiffs claim that the "central error of defendant's motion is defendant's contention that the Summons and complaint then had to be served by August 17, 2007, only three days after it was filed." This is false. Defendants have not argued that the Summons and Complaint should have been

served by August 17, 2007. Defendants argue that having adopted the statute of limitations of a special proceeding in New York, the Court is limited in obtaining jurisdiction over the defendant found in Section 306-b of the New York Civil Practice Laws and Rules. The Summons and Complaint should have been served within fifteen days after the applicable statute of limitations has expired – in this case no later than August 31, 2007.

3. Plaintiffs admit the failure of the service of process upon the District on August 24, 2007 and in effect have withdrawn any claim of its sufficiency by having a different process server serve the Summons and Complaint. (Affirmation of Gary Mayerson, Esq., sworn to on September 26, 2007, hereinafter referred to as "Mayerson Aff." at ¶ 6)

4. Having admitted the insufficient service of process, there is one legal issue remaining for this Court to determine: whether, having borrowed the statute of limitations for actions brought pursuant to IDEA from New York Civil Practice Laws and Rules, federal courts are constrained to similarly adopt limitations on rules of service of process for such proceedings.

5. The Second Circuit routinely borrows from New York Civil Practice Laws and Rules, on jurisdictional matters. New York law provides the statute of limitations for IDEA proceedings. Adler v. New York State Education Department, 760 F.2d 454, 456-57 (2d Cir. 1985). New York law defines for federal courts the appropriate "school officer" to be served. N.Y. Educ. Law § 2508(1); N.Y. Civ. Prac. L. & R. § 311(7); Egbuna v. Syracuse City School District, Slip Copy, 2006 WL 2792744 (W.D.N.Y., September 27, 2006). Having borrowed from the New York Civil Practice Laws and

Rules to determine the statute of limitations being that of a "special proceeding," the limitations on service of process for "special proceeding" should be similarly followed.

6. Having requested an extension of time to serve the Complaint in this matter, Plaintiffs fail to provide any evidence which would support good cause for such relief. Defendants motion to dismiss the complaint should be granted.

28. The foregoing is duly affirmed under the penalties for perjury.

Dated: Bedford Village, New York
October 2, 2007

                                      Leah L. Murphy (LLM/8934)