UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

J.G. AND J.G., on behalf of J.G.,

                      Plaintiffs,

   -v-

BOARD OF EDUCATION OF THE BRIARCLIFF
MANOR UNION FREE SCHOOL DISTRICT,

                      Defendant.

No. 07-CV-7245 (KMK)

OPINION AND ORDER

Appearances:

Gary S. Mayerson, Esq.
Mayerson and Associates
New York, New York
*Counsel for Plaintiffs*

Leah L. Murphy, Esq.
Kuntz, Spagnuolo & Murphy, P.C.
Bedford Village, New York
*Counsel for Defendant*

KENNETH M. KARAS, District Judge:

      Plaintiffs bring this action on behalf of their daughter, J.G., pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. Specifically, Plaintiffs appeal from an April 16, 2007 decision by a New York State Review Officer ("SRO") regarding their child's proposed educational program. *See* 20 U.S.C. § 1415(i)(2)(A). On September 17, 2007, Defendant Board of Education of the Briarcliff Manor Union Free School District ("Defendant") filed a Motion to Dismiss the Complaint for insufficient service of process. Plaintiffs oppose the Motion on grounds that process was timely re-served. For the reasons stated below, Defendant's Motion is DENIED.

I.  Background

Plaintiffs filed their Complaint on August 14, 2007.  Shortly after filing, Plaintiffs provided the Summons and Complaint to their regular process server, Stanley P. Tomasetti, along with written instructions to serve the materials on a person authorized to accept them on behalf of Defendant.  (Pls.' Resp. to the Mot. to Dismiss ("Pls.' Resp.") ¶¶ 5, 9.)  A notarized affidavit signed by Tomasetti attests that service was made on Friday, August 24, 2007, at 1:06 p.m.  (Leah L. Murphy, Esq. Aff. in Supp. of Mot. to Dismiss ("Murphy Aff.") Ex. A.)  The Tomasetti Affidavit states that service was made upon "Jane Smith, Clerk authorized to accept who refused true name."  (*Id.*)  This clerk was described in the Affidavit as a white female, approximately 33 years of age, with blonde hair and glasses.  (*Id.*)

In fact, according to Defendant, the clerk is Jaunita Brockett, who is described in Defendant's Motion as "not white and . . . not blonde."  (*Id.* ¶ 17.)  At approximately 1:07 p.m of the same day, a security camera in the lobby of the building where the service allegedly took place captured an individual placing a manilla envelope in the handle of a door leading to the Principal's office of Todd Elementary School.  (*Id.* ¶ 18.)  The following Monday morning, August 27, 2007, a custodian at the school found the materials and handed them to Lois Olivieri, a secretary in the building.  (Lois Olivieri Aff. in Supp. of Mot. to Dismiss ("Olivieri Aff.") ¶¶ 1-2.)  Ms. Olivieri placed the materials on the desk of the secretary to the Principal, Karen Gisondi.  (*Id.* ¶ 3.)  Ms. Gisondi then handed the documents over to the secretary of the Superintendent.[1]  Defendant promptly moved on September 13, 2007, to dismiss the Complaint for insufficient

---

[1] The instructed recipient of the materials was the Superintendent or any other person with legal authority to accept service in the Superintendent's office.  (Pls.' Resp. Ex. C.)

service of process under Federal Rules of Civil Procedure 4 and 12(b)(5). Defendant further contends that Plaintiffs attempted to conceal the faulty service by filing a false affidavit (Murphy Aff. ¶ 22), but offers no evidence whatsoever that Plaintiffs' counsel was aware that the Affidavit was inaccurate.

At the instruction of counsel, Plaintiffs re-served Defendant on September 19, 2007, using a different process server. (Pls.' Resp. ¶¶ 6-7.) Upon inquiry with the first server's supervisor, Plaintiffs were advised that the server claimed that he was told by a school district representative to leave the papers as he did. (*Id.* ¶ 6.) Plaintiffs maintain that they have used the aforementioned process server for years without issue and had no reason to dispute the initial Affidavit until contested by Defendant. (*Id.* ¶¶ 5, 8.) Defendant, on the other hand, argues that Plaintiffs failed to use reasonable diligence in serving process because they did not question the identity of the unnamed clerk in the Affidavit. (Murphy Aff. ¶¶ 25-26.)

## II. Discussion

### A. Commencement of IDEA Action

The IDEA provides that a party has ninety days to commence an appeal from a hearing decision, unless the state has extended the statute of limitations for bringing such appeals. *See* 20 U.S.C. § 1415(i)(2)(B). Because New York law provides that parties to a state administrative hearing have four months to appeal a decision, N.Y. Educ. Law. § 4404(3)(a), the statute of limitations for bringing IDEA appeals in federal court in New York is extended from ninety days to four months. *See Pierre ex rel. Pierre v. Dep't of Educ.*, No. 07-CV-6270, 2008 WL 2369224, at *1 n.2 (S.D.N.Y. June 10, 2008) ("The IDEA provides that parties aggrieved by a state agency's final decision may bring an action for relief in federal or state court. New York

law requires that such actions be brought within four months of the SRO's decision." (internal citations omitted)); *see also Adler v. Educ. Dep't of N.Y.*, 760 F.2d 454, 459 (2d Cir. 1985) ("[W]here a federal statute provides that suit may be brought in both federal and state court, there is something to be said for having the same statute of limitations applicable in both, at least to avoid forum shopping by prospective plaintiffs."). Plaintiff's Complaint was filed on August 14, 2007 – within four months of the SRO's April 16, 2007 decision – thus satisfying the IDEA statute of limitations. Accordingly, the issue before the Court is not whether Plaintiffs satisfied the statute of limitations by filing the Complaint on August 14, 2007, but whether the Complaint was served on Defendant in a timely manner.

    B. Service of Process

        1.  Standard of Review Under Federal Rule of Civil Procedure 12(b)(5)

Defendant seeks dismissal of Plaintiffs' action pursuant to Federal Rule of Civil Procedure 12(b)(5) ("Rule 12(b)(5)") on the grounds that service, even as corrected, was untimely. "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l. Co. v. Malaysia Int'l. Shipping Corp.*, 127 S. Ct. 1184, 1191 (2007). Valid service is a prerequisite for a federal court to assert personal jurisdiction over a claim. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

In deciding a Rule 12(b)(5) motion, a court "'must look to matters outside the complaint' to determine what steps, if any, the plaintiff took to effect service." *C3 Media & Mktg. Group, LLC v. Firstgate Internet, Inc.*, 419 F. Supp. 2d 419, 427 (S.D.N.Y. 2005) (quoting *Darden v.*

*DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002)). The plaintiff bears the burden of proving adequate service. *See Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003). In satisfying this burden "[c]onclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served." *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 844 (2d Cir. 1999). Similarly, defective service is not cured or overcome "on the mere assertion that a defendant had actual notice." *Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.*, 451 F. Supp. 2d 585, 589 (S.D.N.Y. 2006) (internal quotation marks omitted).

### 2. Applicability of Federal Rule of Civil Procedure 4(m)

The central dispute in this Motion concerns the proscribed time limitations for service of process. As noted by Plaintiffs, Federal Rule of Civil Procedure 4(m) ("Rule 4(m)") provides that process must be served on a defendant within 120 days of the filing of a complaint. *See* Fed. R. Civ. P. 4(m). Defendant argues, however, that the more restrictive time limitations under New York law should apply. Pursuant to New York law, if the applicable statute of limitations is four months or less, as here, process must be served on a defendant within fifteen days after the limitations period ends. *See* N.Y. C.P.L.R. § 306-b (McKinney 2008). According to Defendant, because the Court applies state law to establish the four-month statute of limitations period to file an IDEA claim in federal court, the Court also should apply state law in setting the time required to effect service. (Def.'s Mem. of Law in Supp. of Mot. to Dismiss 6.)

Here, Defendant misunderstands the interplay of state and federal law. "When a situation is covered by one of the Federal Rules," a court is "instructed to apply the Federal Rule," and

can refuse to do so only if the Federal Rule in question "transgresses" the terms of the Rules Enabling Act or the Constitution. *Hanna v. Plumer*, 380 U.S. 460, 471 (1965); *see also Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 n.7 (1996) (citing *Hanna*, 380 U.S. at 469-74); *Every v. Makita U.S.A., Inc.*, No. 02-CV-8545, 2005 WL 2757952, at *3 (S.D.N.Y. Oct. 24, 2005) ("It is settled that if the Rule on point is consonant with the Rules Enabling Act and the Constitution, the Federal Rule applies regardless of contrary state law." (internal quotation marks omitted)). There is no question that Rule 4(m) is consonant with the Rules Enabling Act and the Constitution, and Defendant does not claim otherwise. *See Henderson v. United States*, 517 U.S. 654, 669-70 (1996) ("We see no reason why the prescription governing time for service is not, as is the whole of Rule 4, a nonjurisdictional rule governing 'practice and procedure' in federal cases consistent with the Rules Enabling Act . . . ." (internal citation omitted)); *Argentina v. Emery World Wide Delivery Corp.*, 167 F.R.D. 359, 363 (E.D.N.Y. 1996) ("Defendants have not argued that Rule 4(m) transgresses the Rules Enabling Act or the Constitution nor would there be any basis for such an argument."). Accordingly, the Court follows the explicit provisions of Rule 4(m), "regardless of contrary state law." *Gasperini*, 518 U.S. at 427 n.7.

Defendant argues that because the Court borrowed the statute of limitations from state law, the Court should also borrow state time limitations for service of process. This argument is without merit. Federal Rule of Civil Procedure 3 ("Rule 3") provides that "[a] civil action is commenced by filing a complaint," but does not provide a statute of limitations for filing the complaint. As a result, Rule 3 tacitly requires the Court to look outside the text of the Rules for the applicable statute of limitations, either by looking to the statute which provides the cause of action, or by borrowing the most closely analogous statutory limitations period. *See Graham*

*County Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 414-15 (2005) ("To determine the applicable statute of limitations for a cause of action created by a federal statute, we first ask whether the statute expressly supplies a limitations period. If it does not, we generally 'borrow' the most closely analogous state limitations period. In the rare case, we have even borrowed analogous federal limitations periods in the absence of an expressly applicable one . . . ." (internal quotation marks omitted)); *N. Star Steel Co. v. Thomas*, 515 U.S. 29, 33-35 (1995) ("[O]ften federal statutes fail to provide any limitations period for the causes of action they create, leaving courts to borrow a period, generally from state law, to limit these claims.")

    Here, as noted above, the IDEA specifically instructs courts to apply a longer state statute of limitations for the filing of Plaintiffs' complaint. This reference to state law for the purpose of determining the statute of limitations, however, has no bearing on the time limits for service of process. It is, instead, Rule 4 that provides the parties with explicit time limits for serving process. Accordingly, the Court need not – and may not – supplement or contradict the Rule with alternate limitations periods provided by state law. *See Henderson*, 517 U.S. at 656 ("[I]n actions arising under federal law, commenced in compliance with the governing statute of limitations, the manner and timing of serving process are generally nonjurisdictional matters of 'procedure' controlled by the Federal Rules."). This principle holds for claims filed under the IDEA. *See S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (holding that a federal court borrowing a state time period for filing an IDEA claim "should not also borrow the state's time limits for serving the complaint"); *A.P. ex rel. Powers v. Woodstock Bd. of Educ.*, No. 07-CV-833, 2007 WL 3024355, at *2 (D. Conn. Oct. 16, 2007) ("[I]t is the *Federal*

*Rules of Civil Procedure,* not state law, that govern the service requirements once an [IDEA] action is filed in federal court.").

Defendant still claims that even if the Federal Rules apply, the Rules themselves explicitly call for application of state service of process requirements.[2] In particular, Defendant points to Federal Rule of Civil Procedure 4(j)(2) ("Rule 4(j)(2)"), which states that service of process on a school must be served "in the manner prescribed by . . . state[] law for serving a summons or like process on such a defendant."[3] Defendant thus argues that the use of the phrase "manner prescribed by . . . state[] law" within Rule 4(j)(2) requires the adoption of state service of process time limitations, thus trumping the specific time limitations set in Rule 4(m).

As an initial matter, Defendant is correct to note that school districts – like Defendant – qualify as a state/municipal corporation for the purposes of Rule 4(j)(2). *See Mustafa v. Syracuse City Sch. Dist.*, No. 05-CV-813, 2007 WL 951470, at *3 n.1 (N.D.N.Y. Mar. 28, 2007) ("Rule 4(j)(2) of the Federal Rules of Civil Procedure governs service on a governmental

---

[2]The Court interprets Defendant to be arguing that state service of process regulations apply because the specific mandates of Rule 4(j)(2) trump the time limitations of Rule 4(m). The basis for this argument, however, is not at all clear: Defendant offers only a series of conclusory arguments without any support in federal case law. (Def.'s Mem. of Law in Supp. of Mot. to Dismiss 6-9.) The Court, however, construes this argument in the light most favorable to Defendant.

[3]Rule 4(j)(2) states in whole:
> State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

organization such as Defendant . . . School District."); *see also Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 244 (2d Cir. 2006) (noting that a school district is recognized by New York law as a "municipal corporation").  However, Defendant misunderstands the scope of Rule 4(j)(2).  Rule 4(j)(2) states that "[a] state, a municipal corporation, or any other state-created governmental organization" may be served in one of two ways:  either by "delivering a copy of the summons and of the complaint to its chief executive officer," or "in the manner prescribed by . . . state[] law."[4]  The phrase "in the manner prescribed by . . . state[] law" clearly describes the "who" and "how" of service of process, not the "when."  As a result, even in cases where Rule 4(j)(2) applies, federal courts apply Rule 4(m) to govern the period of time required to serve process.  *See Feingold v. Hankin*, 269 F. Supp. 2d 268, 274-76 (S.D.N.Y. 2003) (applying Rule 4(j)(2) to form of service and Rule 4(m) to the time required for service); *Romero v. Keeney*, 168 F.R.D. 483, 484 (S.D.N.Y. 1996) (same); *see also Ikejiaku v. Rochester City Sch. Dist.*, No. 07-CV-6191, 2007 WL 4591846, at *1-2 (W.D.N.Y. Dec. 28, 2007) (same); *Riddle v. Wichita Pub. Schs., Unified, Sch. Dist. No. 259*, 04-CV-1400, 2005 WL 1563444, at *1 (D. Kan. June 30, 2005) (same); *McBride v. Routh*, 51 F. Supp. 2d 153, 154 n.2 (D. Conn. 1999) (same).  Indeed, the Court notes that Defendant has provided no authority for the contrary proposition.  Accordingly, because Rules 4(j)(2) and 4(m) govern different aspects of service of process, the application of Rule 4(j)(2) in this case does nothing to alter the time provided to serve process under Rule 4(m).

As previously noted, Rule 4(m) requires a plaintiff in a federal lawsuit to serve process

---

[4] By New York law, the superintendent of schools is the operating chief executive officer of the school district.  N.Y. Educ. Law §2508(1) (McKinney 2005).  The delivery in dispute was not provided directly to the Superintendent.

on the defendant within 120 days of the filing of the complaint.  Here, Plaintiffs attempted to serve process on August 24, 2007, and then re-served Defendant on Sept. 19, 2007.  Assuming, without deciding, that the first delivery was invalid, the second service on Defendant was performed within the 120-day window set out in the Federal Rules.  Thus, despite Plaintiffs' arguably defective initial attempt to provide service, Plaintiffs have satisfied their service obligations by re-serving Defendant within the 120-day period provided for by Rule 4(m).  *See Rhodes v. Elec. Data Sys. Corp.*, 06-CV-1715, 2006 WL 2830165, at *2 (E.D. Cal. Sept. 29, 2006) ("Despite plaintiff's failed attempts to serve [defendant], there is still time under Fed. R. Civ. P. 4(m) for plaintiff to get it right.").

## III. Conclusion

For the reasons stated herein, Defendant's Motion to Dismiss the Complaint for insufficient service is DENIED. The Clerk of Court is respectfully directed to terminate the pending Motion (Dkt. No. 4).

SO ORDERED.

Dated:	August 14, 2008
	White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

<u>Service List by ECF:</u>

Gary S. Mayerson, Esq.
Mayerson and Associates
330 West 38 Street, Suite 600
New York, New York, 10018
gary@mayerslaw.com
*Counsel for Plaintiffs*

Leah L. Murphy, Esq.
Kuntz, Spagnuolo, & Murphy, P.C.
444 Old Post Road
Bedford Village, New York, 10506
leah@schoolattorney.com
*Counsel for Defendants*