Leah L. Murphy, Esq. (LLM-8934)
KUNTZ, SPAGNUOLO & MURPHY, P.C.
Bedford Village, New York 10506
(914) 234-6363
*Counsel for Defendant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
J.G. and J.G. on behalf of J.G.,

                         Plaintiffs,

         -against-

BOARD OF EDUCATION OF THE
BRIARCLIFF MANOR UNION FREE
SCHOOL DISTRICT,
                    Defendant.
-----------------------------------------------------------X

**ANSWER**

Index No. 07 cv. 7245
Judge Kenneth M. Karas

ECF

       Defendant BOARD OF EDUCATION OF THE BRIARCLIFF MANOR UNION FREE

SCHOOL DISTRICT (the ""District""), by its attorneys, Kuntz, Spagnuolo & Murphy,  P.C.,

hereby answers the allegations contained in the Complaint filed on August 14, 2007 as follows:

      1.  Denies knowledge or information sufficient to form a belief as the truth of the

allegations contained in paragraph numbered "1" of the verified petition but asserts that during

the relevant time period J.G. was a seven year old learning disabled student eligible to receive

special education services.

      2.  Admits the allegations contained in paragraph numbered "2" of the complaint.

      3.  Admits the allegations contained in paragraph numbered "3" of the complaint.

      4.  In response to paragraph "4" of the complaint, defendants admit the plaintiff has

invoked their privacy rights pursuant to the Family Educational rights Privacy Act, 20 U.S.C.

§§ 1232(g), and 34 C.F.R. 99.

5. Admits the allegations contained in paragraph numbered "5" of the complaint.

6. In response to paragraph "6" of the complaint, defendants admit the plaintiff has invoked the jurisdiction of the Court pursuant to 20 U.S.C. §§ 1415(i)(2); 28 U.S.C. §§ 1331 and 1367 and admits that venue is proper.

7. In response to the allegations contained in paragraph numbered "7" of the complaint, defendant admits that plaintiff has brought this action pursuant to the provisions of the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1401 *et. seq.* for a review of the decisions of the Impartial Hearing Officer ("IHO") dated January 14, 2007, finding that the recommendations of the District's Committee on Special Education provided plaintiff with a free appropriate public education and the State of New York State Review Officer's ("SRO") decision dated April 16, 2007 finding that plaintiff was not entitled to tuition reimbursement and compensatory relief and denies that plaintiff is entitled to the relief requested.

8. Admits the allegations contained in paragraph numbered "8" of the complaint.

9. In response to the allegations contained in paragraph numbered "9" of the complaint, defendant refers to the decision of Winkelman v. Parma Scity Sch. Dist., 127 S.Ct. 1994 (U.S. 2007), itself for the applicable holding.

10. Admits the allegations contained in paragraph numbered "10" of the complaint.

11. Denies the allegations contained in paragraph numbered "11" of the complaint.

12. Denies the allegations contained in paragraph numbered "12" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts.

13. Denies the allegations contained in paragraph numbered "13" of the complaint and respectfully refers the Court to the record below for a complete recitation of the fact.

14. Admits so much of the allegations contained in paragraph numbered "14" of the complaint that plaintiffs filed for a due process challenge but denies the balance of the allegations contained in said paragraph and respectfully refers the Court to the record below for a complete recitation of the facts. .

15. In response to the allegations contained in paragraph numbered "15" of the complaint defendant refers to the decisions cited therein for their applicable holdings and denies the balance of the allegations contained in said paragraph.

16. Denies the allegations contained in paragraph numbered "16" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts. .

17. Denies the allegations contained in paragraph numbered "17" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts. .

18. In response to the allegations contained in paragraph numbered "18" of the complaint defendant refers the Court to the decisions cited therein for their applicable holdings and denies the balance of the allegations contained in said paragraph.

19. In response to the allegations contained in paragraph numbered "19" of the complaint defendant refers the Court to the decisions and statute cited therein and denies the balance of the allegations.

20. In response to the allegations contained in paragraph numbered "20" of the complaint defendant refers the Court to the decisions cited therein for their applicable holdings and denies the balance of the allegations and respectfully refers the Court to the record below for a complete recitation of the facts and decisions of the IHO and SRO.

21. In response to the allegations contained in paragraph numbered "21" of the complaint defendant refers the Court to the regulations cited therein for their applicable requirements.

22. In response to the allegations contained in paragraph numbered "22" of the complaint defendant refers the Court to the regulations cited therein for their applicable requirements and denies the balance of the allegations.

23. In response to the allegations contained in paragraph numbered "23" of the complaint defendant refers the Court to the regulations cited therein for their applicable requirements.

24. Denies the allegations contained in paragraph numbered "24" of the complaint and asserts that in a letter dated August 2, 2005, the parents informed the CSE of their rejection of its IEP for J.G. and of their intent to place J.G. in a private setting during the 2005/06 school year (R. 169; Ex. SD-9). Desiring to reconvene the CSE to discuss the parents' concerns about J.G.'s IEP, Ms. Barbara Watters, an assistant to Dr. Lydia Lavin, Director of Pupil Personnel Services, called the parents on or about August 3, 2006 and left a message on their home voice mail articulating possible dates on which the CSE might meet (R. 172-175, 416). Ms. Watters called the parents back on or about August 4, 2006, and together they identified August 8th and August 9th as possible dates for the CSE to reconvene (R. 177, 183, 416, 533). After Ms. Watters secured the attendance of other members of the CSE, Dr. Lavin informed the parents, in a letter dated August 4, 2005, that the CSE would reconvene on August 9th to address the parents' IEP concerns (R. 179; Ex. SD-8). Another invitation to the August 9, 2006 CSE meeting was mailed out to the parents on or about August 5, 2005 (Ex. SD-7).

25.  Denies the allegations contained in paragraph numbered "25" of the complaint and and asserts that the IHO correctly assessed "the parent's testimony regarding notice of the August 9th meeting to be confusing and not credible." (IHO Decision p. 16).

26. Denies the allegations contained in paragraph numbered "26" of the complaint and asserts to the extent that the notice did not comply with the regulations of the Commissioner of Education, such non-compliance was correctly deemed deminimus by the IHO who found that the parents had actual notice of the CSE meeting and confirmed their availability of the date and did not deprive the student of the ability to receive a free appropriate public education and in fact demonstrates that the parents' intentionally failed to cooperate with the District after having provided the mutually agreeable date to convene.  (R. 177, 183, 416, 533).

27.  Denies the allegations contained in paragraph numbered "27" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts and decisions of the IHO and SRO.

28.  Denies the allegations contained in paragraph numbered "28" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts and decisions of the IHO and SRO.

29.  Denies the allegations contained in paragraph numbered "29" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts and decisions of the IHO and SRO.

30.  Denies the allegations contained in paragraph numbered "30" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts and decisions of the IHO and SRO.

31. Denies the allegations contained in paragraph numbered "31" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts and decisions of the IHO and SRO.

32. Denies the allegations contained in paragraph numbered "32" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts and decisions of the IHO and SRO.

33. Denies the allegations contained in paragraph numbered "33" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts and decisions of the IHO and SRO.

34. Denies the allegations contained in paragraph numbered "34" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts and decisions of the IHO and SRO.

35. Denies the allegations contained in paragraph numbered "35" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts and decisions of the IHO and SRO.

36. Denies the allegations contained in paragraph numbered "36" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts and decisions of the IHO and SRO.

37. Denies the allegations contained in paragraph numbered "37" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts and decisions of the IHO and SRO.

38.  Denies the allegations contained in paragraph numbered "38" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts and decisions of the IHO and SRO.

39.  Denies the allegations contained in paragraph numbered "39" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts and decisions of the IHO and SRO.

40.  Denies the allegations contained in paragraph numbered "40" of the complaint.

41.  Denies the allegations contained in paragraph numbered "41" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts.

42.  Denies the allegations contained in paragraph numbered "42" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts.

43.  Denies the allegations contained in paragraph numbered "43" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts.

44.  Denies the allegations contained in paragraph numbered "44" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts and decisions of the IHO and SRO.

45.  Denies the allegations contained in paragraph numbered "45" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts and decisions of the IHO and SRO.

46.  Denies the allegations contained in paragraph numbered "46" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts and decisions of the IHO and SRO.

47.  Denies the allegations contained in paragraph numbered "47" of the complaint.

48.   Denies the allegations contained in paragraph numbered "48" of the complaint.

49.   Denies the allegations contained in paragraph numbered "49" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts and decisions of the IHO and SRO.

50.   Denies the allegations contained in paragraph numbered "50" of the complaint.

51.   Denies the allegations contained in paragraph numbered "51" of the complaint.

52.   Denies the allegations contained in paragraph numbered "52" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts and decisions of the IHO and SRO.

53.   Denies the allegations contained in paragraph numbered "53" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts and decisions of the IHO and SRO.

54.   Denies the allegations contained in paragraph numbered "54" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts.

55.   Denies the allegations contained in paragraph numbered "55" of the complaint.

56.   Denies the allegations contained in paragraph numbered "56" of the complaint and respectfully refers the Court to the record below for a complete recitation of the facts.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### RESPONDENT ALLEGES:

1.   The Court should defer to the conclusion of the administrative hearing officer and the State Review Officer who both correctly concluded that the Individual Education Program developed for J.G. for the 2005/06 school year was substantively and procedurally appropriate.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**
**RESPONDENT ALLEGES:**

2.  The CSE"s recommended program and placement for J.G. for the 2005/06 school year

offered J.G. a free appropriate public education in the least restrictive environment.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**
**RESPONDENT ALLEGES:**

3.  Plaintiffs are not entitled to tuition reimbursement for the unilateral placement of

J.G. at the Windward  School for the 2005/06 school year.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**
**RESPONDENT ALLEGES:**

4.  The CSE has sufficient evaluation information upon which to premise its findings

concerning J.G.'s special education programs for the 2005/06 school year.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**
**RESPONDENT ALLEGES:**

5.  The CSE"s proposed special education programs for J.G. for the 2005/06 school year

would have suitably grouped J.G. with other disabled students possessing similar educational

needs and abilities.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**
**RESPONDENT ALLEGES:**

6. The CSE's proposed special education programs for J.G. was designed to confer upon

J.G. educational benefit in the least restrictive environment.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**
**RESPONDENT ALLEGES:**

7.  At all times, J.G.'s parents were provided with the opportunity and did meaningfully

participate in the development of the programs and services recommended for J.G. for the

2005/06 school year.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
RESPONDENT ALLEGES:**

8.      There was no evidence presented which would support a finding that the

Windward School was an appropriate placement for J.G. given J.G.'s specific educational needs

and abilities.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE
RESPONDENT ALLEGES:**

9.      The evidence presented at the hearing demonstrated J.G.'s parents did not

cooperate with the District in addressing their concerns and gamed the system in order to secure

private school tuition for J.G. for the 2005/06 school year at public cost.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE
RESPONDENT ALLEGES:**

10.     The relevant equities involved balance against tuition reimbursement for the

plaintiffs' unilateral placement of J.G. at the Windward School for the 2005/06 school year.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE
RESPONDENT ALLEGES:**

11.     Plaintiffs are not entitled to reasonable attorney's fees because they are not

prevailing parties to the underlying litigation.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
RESPONDENT ALLEGES:**

12.     The plaintiffs are not entitled to compensatory education for the 2004/05 school

year, they failed to appeal the determination of the IHO denying their request for compensatory

education and failed to exhaust administrative remedies.  An impartial hearing officer's decision

is final and binding upon the parties unless appealed to the State Review Officer.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE RESPONDENT ALLEGES:

13. The Office of State Review and the District are distinct entities which are not united in interest.

14.    The Office of State Review is a necessary party to the plaintiffs' cause of action seeking to annul the decision of the State Review Officer, in its entirety, given the inflammatory accusations against the State Review Officer alleging bias and appearance of impropriety on the part of the SRO.

**WHEREFORE,** the Defendant Briarcliff Manor Union Free School District respectfully requests that the Court issue an Order affirming the decisions of the SRO in Appeal No. 07-017, dismissing the complaint in its entirety and granting such other and further relief as the Court may deem just and proper.

Dated: September 4, 2008
       Bedford Village, New York

                        Yours, etc.

                        KUNTZ, SPAGNUOLO & MURPHY, P.C.
                        *Attorneys for Defendant Briarcliff Manor*
                        *Union Free School District*
                        444 Old Post Road
                        Bedford Village, New York 10506
                        (914) 234-6363

By:                  
                        Leah L. Murphy (LLM 8934)

TO:    Clerk of the Court                Hon. Kenneth M. Karas, U.S.D.J.
        United States Courthouse       United States Courthouse
        300 Quarropas Street          300 Quarropas Street
        White Plains, New York 10601   White Plains, New York 10601

        Gary Mayerson, Esq.
        Mayerson & Associates
        330 West 38th Street, Suite 600
        New York, New York 10580